**UNITED STATES of America, Appellant,**

v.

**Paul BAYKOWSKI, Jr., Appellee.**

**No. 78–1274.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1978.

Decided Sept. 14, 1978.

Rehearing and Rehearing En Banc Denied Nov. 15, 1978.

Robert D. Kingsland, U. S. Atty., and Ronald E. Jenkins, Asst. U. S. Atty., St. Louis, Mo., on brief, for appellant.

C. Clifford Schwartz, Jr., of Shaw, Howlett & Schwartz, Clayton, Mo., on brief, for appellee.

Before HEANEY and STEPHENSON, Circuit Judges, and VAN SICKLE, District Judge.[*]

PER CURIAM.

On this appeal the government challenges an order of the district court[1] suppressing an identification by Mrs. Lorraine Dickerson of a photograph of appellee Paul Baykowski, Jr., wearing a sweater similar to one stolen from her home. Jurisdiction of this court is predicated upon 18 U.S.C. § 3731. We affirm.

On March 2, 1978, a seven-count indictment was returned against Baykowski and four other individuals. Baykowski was charged with alleged violations of 18 U.S.C. § 371 (conspiracy), § 2314 (interstate transportation of stolen goods), and § 2315 (sale or receipt of stolen goods transported in interstate commerce).

The defendants filed various motions to suppress evidence which were referred to the United States Magistrate for a report and recommended disposition. Hearings were held which included testimony by Mrs. Dickerson and Special Agent Benjamin Cagle regarding Dickerson's identification of a sweater worn by Baykowski in a photograph. After conducting the hearings the magistrate recommended that the photographic identification by Dickerson be suppressed because there was insufficient evidence that it was reliable. Thereafter the magistrate's recommendation to suppress was adopted and ordered.

The testimony at the hearings disclosed that Dickerson and her husband were out to dinner on December 9, 1977, when their residence was burglarized. Dickerson reported to the police that certain items were stolen from her home, including the sweater in question.

In February 1978 Dickerson came to St. Louis to attempt to identify some of her property which had been recovered. At that time Agent Cagle handed her six color photographs of individuals and she was asked to examine them to see if she could identify anyone. She had not previously told anyone she could identify any person who had burglarized her home. Thus, it is obvious that the purpose of exhibiting the photograph to Dickerson was to secure Baykowski's identification with the stolen sweater. While examining the photographs, Dickerson observed that one of the subjects wore a sweater which she identified as being a sweater she recently purchased as a gift for her son, and which was stolen from her home during the burglary. None of the other photographs showed subjects wearing sweaters.

Since the photograph of Baykowski was the only one which depicted a sweater being worn by an individual and no exigent circumstances are alleged, it is clear that the photographic display was unnecessarily suggestive. See *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 2250, 53 L.Ed.2d 140 (1977); *Simmons v. United States*, 390 U.S. 377, 383–86, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). There remains the question of whether under the totality of circumstances the identification was so unreliable as to create a substantial likelihood of misidentification. See *Manson v. Brathwaite, supra*, 97 S.Ct. at 2253; *Neil v. Biggers*, 409 U.S. 188, 198, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).

In evidentiary matters the district court is given wide discretion. See, e. g., *United States v. Weir*, 575 F.2d 668, 670 (8th Cir. 1978); *United States v. Cochran*, 475 F.2d 1080, 1082 (8th Cir.), cert. denied, 414 U.S. 833, 94 S.Ct. 173, 38 L.Ed.2d 68 (1973); Fed.R.Evid. 403. After considering the circumstances of this case, i. e., the identification occurred approximately two months after the robbery, there was nothing to indicate that the stolen sweater was

---

[*] The Honorable Bruce M. Van Sickle, United States District Judge for the District of North Dakota, sitting by designation.

1. The Honorable John K. Regan, Senior United States District Judge for the Eastern District of Missouri.

in any way unique in color or design, the identification was achieved by means of a photograph rather than in person, and Baykowski's photograph was the only one with a sweater, we are satisfied that the district court did not abuse its discretion in excluding the photographic identification on the basis of its unreliability.

Affirmed.